DEL MONTE DRESS CO., INC., Plaintiff, *v.* ROYAL INDEMNITY COMPANY, Defendant.*

Supreme Court, New York County, February 10, 1934.

*Goldstein & Goldstein* [*Alex Davis* of counsel], for the plaintiff.

*Barnett Cohen,* for the defendant.

McGEEHAN, J. Motion for a bill on which the attorneys have asked that a question of practice on which there is a direct conflict be settled. The action is on an insurance policy which contains a provision that, unless the assured *in futuro* shall do certain acts, the company is not liable. The company in its answer puts itself on record that it is necessary for it (defendant) to plead the breach of the condition. The doubt arises because, while the clause purports to state a condition precedent, the happening is subsequent. Can a subsequent event relieve defendant? Of course if the policy were irrevocably voided when the event did not occur, the condition would not be subsequent but precedent. This condition is not of that type. It provides that the books themselves must reveal to the company the amount of the loss. An insured might suffer two losses, as to one of which the books were perfect and as to the other insufficient. A contract cannot be void (by precedent condition) as to one and valid as to the other. Non-performance of a condition precedent must either annul the contract *in toto* or be a condition subsequent. Perhaps that does not apply in its full force to insurance policies. POUND, Ch. J., has said: " What does he of the law of insurance know who only the law of contract knows? " At any rate, the defendant is wise to plead the facts. I do not now decide whether a motion to strike out such matter for insufficiency will lie. That is the prerogative of Special Term, Part 3. If the defendant thinks enough of it to insist that it is a defense, it is good enough to warrant a bill.

Motion is granted. Serve bill within ten days after service of notice of entry of this order.